UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN MCWHORTER,

    Petitioner,

v.

DARREN SWENSEN,

    Respondent.

Case No. C06-5294RBL

REPORT AND RECOMMENDATION

Noted for **November 17, 2006**

Petitioner is a state prisoner currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington. Petitioner is serving a 496 month prison sentence as a consequence of a 1998 convictions for First Degree Rape, Second Degree Rape, and First Degree Robbery arising out of Kitsap County, Washington. Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his Washington state conviction and sentence. The matter is before the court on Respondent's Answer to the petition, which asks the court to dismiss the matter as untimely (Doc. 14). After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

<u>DISCUSSION</u>

A one-year period of limitation applies to federal petitions for writ of habeas corpus. The relevant statute states:

>    (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

REPORT AND RECOMMENDATION
Page - 1

>(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The one year period of limitation is subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997). The Ninth Circuit commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Id. at 1289. The Supreme Court recently held, "that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's PCRA petition as untimely, it was not properly filed, and he is not entitled to statutory tolling under § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 125 S. St. 1807, 1814 (2005).

Here, Petitioner was sentenced by the state trial court on or about January 2, 1998. Mr. McWhorter appealed his convictions and sentence to the State Court of Appeals. His appeal, which focused on the imposition of consecutive firearm enhancements, resulted in a significant reduction of his sentence (from 496 months to 376 months). Petitioner did not further challenge the matter, i.e., he did not file a petition with he Washington State Supreme Court for review. Thus, the federal one-year period of limitations began to run on July 20, 1999, when the Washington State Court of Appeals issued its final mandate.

Time ran until May of 2004 (more than 4 years later) when Mr. McWhorter filed a Personal

REPORT AND RECOMMENDATION
Page - 2

Restraint Petition ("PRP") with the State Court of Appeals. Filing of the PRP tolled the federal one-year period of limitations, but the one-year period to file a federal petition for writ of habeas corpus had already expired. Moreover, the State Court of Appeals dismissed the PRP as being untimely, and the Washington State Supreme Court denied Petitioner's request to review the appellate decision on his PRP. In sum, the federal one-year period of limitation expired on or about July 21, 2000. The court finds no reason to toll the period of limitations beyond this date.

## CONCLUSION

Petitioner did not file his petition for writ of habeas corpus in a timely manner, and therefore, the court should dismiss the petition. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 17, 2006**, as noted in the caption.

DATED this 25th day of October, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge